SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doreen Johncox,<br><br>Plaintiff,<br>vs.<br><br>The Lincoln National Life Insurance Company; Intecon, LLC Short Term Disability Benefit Plan; and Intecon, LLC Long Term Disability Benefit Plan,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Doreen Johncox ("Doreen") alleges as follows:

**JURISDICTION AND VENUE**

1. Doreen is a resident of Cochise County, Arizona.

2. Defendant The Lincoln National Life Insurance Company ("Lincoln") is an insurance company domiciled in Indiana with its corporate headquarters located in Hartford, Connecticut. Lincoln is authorized to do business in Cochise County, Arizona.

3. Defendant Intecon, LLC Short Term Disability Benefit Plan ("STD Plan") is a purported ERISA benefit plan established and maintained by Intecon, LLC ("Intecon") for the benefit of its employees. The Plan provides short-term disability benefits ("STD").

4. Defendant Intecon, LLC Long Term Disability Benefit Plan ("LTD Plan") is a purported ERISA benefit plan established and maintained by Intecon for the benefit of its employees. The Plan provides long-term disability benefits ("LTD").

5. This Court has jurisdiction over the Plan under ERISA 29 U.S.C. § 1132, and because the Plans and Intecon have caused events to occur in Arizona, out of which Doreen's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. Intecon provided certain employees with STD and LTD benefits under the STD Plan and LTD Plan (collectively "the Plans").

9. Lincoln provides benefits to Intecon employees through insurance policies, No. 000010192517 ("STD Policy") and No. 000010192515 ("LTD Policy") (collectively "the Policies"). The Policies renew annually on July 1.

10. Intecon is the plan administrator and a plan fiduciary. (29 U.S.C. § 1102(a)(2) (fiduciary); 29 USC §1002(A)(16) (administrator)).

11. Lincoln is the Claim Administrator and is also a Plan Fiduciary.

12. The Policies are the only document constituting the Plans' written instrument under 29 U.S.C. § 1102(a)(1).

13. Lincoln determines who receives benefits and pays those benefits.

14. An employee is disabled during the Own Occupation period when she is unable to perform each of the Main Duties of her Own Occupation due to sickness or injury.

15. "Own Occupation" means the occupation she performed when her disability began and is the main source of her earned income.

16. "Main Duties" refers to the tasks that are normally required to for the performance of her own occupation and cannot be reasonably modified or omitted.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

17. STD benefits are payable after a waiting period of seven days, or on the eighth day of being disabled.

18. STD benefits last for a duration of 13 weeks.

19. LTD benefits are payable after a waiting period of 90 days.

20. After 24 months of LTD payments, an employee is disabled when Lincoln determines she, due to sickness or injury, cannot perform each of the main duties of any Gainful Occupation.

21. "Gainful Occupation" means any occupation which an employee is or could reaosnably become qualified for considering her educatin, training, expiernence, and mental and physicial abilities; could reasonably find employment given the demand in the national labor force; and could earn at least 60% of her predisability income with the first 12 months.

22. The Policies contain discretionary language indicating that Lincoln grants itself discretion.

23. The Policies do not evidence that the Plan Administrator possesses discretion or that it can delegate discretion.

24. Even if the Plans reserved discretion, there is no evidence that the Plans conferred discretion on Lincoln.

25. Without proper evidence of a discretion grant from the Plans to Lincoln, this claim should be reviewed *de novo*.

26. If the Court deems that abuse of discretion review is the standard of review, Lincoln's decision should be reviewed with heightened skepticism.

**COUNT I**

**RECOVERY OF INSURANCE AND PLAN BENEFITS**

27. Doreen incorporates and realleges all previous allegations.

28. At all relevant times, Doreen was employed by Intecon, became a covered individual under the Plans and the Policies, and remained continuously employed until her

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

disability rendered her unable to work in her occupation as a Customer Support Technician on January 21, 2022.

29. Doreen timely submitted a claim for STD benefits.

30. Doreen claimed disability for cervical, thoracic, and lumbar back pain, major depressive disorder, adjustment disorder, and anxiety disorder.

31. Linciln initially paid Doreen's claim for STD benefits from January 28, 2022 to March 2, 2022.

32. During this time, Lincoln concluded that Doreen could not perform her own occupation.

33. Doreen remains unable to perform the main duties of her occupation, or any occupation, including the following duties:

- Working a regular, 40-hour work week;
- Regularly work given symptoms associated with various psychological conditions; and
- Consistently perform work activities with pain from various back conditions that require the use of opioid medications and fentanyl patches.

34. Doreen cannot perform each of the main duties of her own occupation, or any gainful occupation for which she is or reasonably could become qualified for based on education, training, expiernence, and mental and physicial abilities.

35. On April 7, 2022, Lincoln terminated Doreen's STD benefits after just over four weeks.

36. Doreen timely submitted her appeal on November 2, 2023.

37. Doreen's appeal also served as her application for LTD benefits.

38. Lincoln Health Care Consultant and Nurse Amy M. reviewed Doreen's claim on November 30, 2023.

39. On February 26, 2024, Lincoln denied Doreen's claim for STD benefits.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

40. Lincoln never provided Doreen with a decision on her application for LTD benefits.

41. Lincoln's February 26, 2024 denial letter enclosed directions for Doreen to submit a final administrative appeal within 180 days.

42. On March 1, 2024, Lincoln sent a letter providing directions for where to submit a written letter of appeal. The letter did not provide a deadline.

43. On March 11, 2024, Doreen submitted a statement from her treating provider, which addressed the errors made by Lincoln's consultant.

44. As of the date of this complaint, Lincoln has not provided a response or any additional updates regarding either claim.

45. Doreen provided proof of her debilitating medical conditions, to the extent that Lincoln initially approved her claim for STD benefits. Doreen became disabled on January 21, 2022, and remains unable to perform the main duties of her own occupation.

46. Doreen has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

47. Lincoln's denial of Doreen's STD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous. Evidence of Lincoln's conflict includes, but is not limited to:

a) Concluding that Doreen was able to return to her occupation despite her ongoing symptoms associated with several back conditions, including pain, which requires the use of opioid medications and fentanyl patches.
b) Relying on the opinions of a non-treating provider who disregarded and downplayed Doreen's complaints.
c) Relying on the opinions of a non-treating provider who has not examined Doreen.
d) Misconstruing and overemphasizing a single entry the claimed improvement, whereas the rest of Doreen's records have evidenced her conditions are worsening.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

e) Misconstruing Doreen's history of working with pain in the past as evidence that she could continue to work.

f) Concluding Doreen was able to work a 40-hour work week, given her psychological conditions and back conditions, including associated pain, without considering whether she can perform any occupation reliably and consistently due to the chronic nature of her conditions and the high frequency of triggers that exacerbate it.

g) Cherry-picking evidence that supports the denial rather than giving equal weight to evidence that supports payment of the claim.

48. Doreen is entitled to the remaining STD benefits, 66 2/3% of her Weekly Predisability Income, $875.00, from March 2, 2022 until April 29, 2022.

49. Doreen is entitled to LTD benefits, 60% of her Monthly Predisability Income, $3,412.50, from May 2, 2022 until November 2, 2024.

50. Under the coverage provided in the Plans, to ERISA 29 U.S.C. § 1132(a)(1)(B), and applicable federal and state common law, Doreen is entitled to recover all benefits due under the terms of the Plans and to enforce her rights under the terms of the Plans.

51. Doreen is entitled to recover her attorneys' fees and costs incurred herein from the Plans and Intecon under 29 U.S.C. § 1132(g).

52. Doreen is entitled to prejudgment interest at the highest legal rate on the benefits she is entitled to according to A.R.S. § 20-462.

WHEREFORE, Doreen prays for entry of judgment against Defendants as follows:

A. For all past benefits due to Doreen under the terms of the Plans;

B. For an award of Doreen's attorneys' fees and costs incurred;

C. For an award of prejudgment interest on Doreen's benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 7th day of April 2025.

SCHIFFMAN LAW OFFICE, P.C.

By: ______________________________
Lisa J. Counters

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667