**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorney for Defendant The Lincoln National Life Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Doreen Johncox,<br><br>Plaintiff,<br>vs.<br><br>The Lincoln National Life Insurance Company,<br><br>Defendant. | Case No. 4:25-cv-00160-JGZ<br><br>**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

For its Answer to Plaintiff's Complaint (the "Complaint"), Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") admits, denies, and alleges as follows:

**JURISDICTION AND VENUE**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania and that it is authorized to do business in Maricopa County, Arizona. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that Intecon, LLC (“Intecon”) sponsored the Intecon, LLC Short-Term Disability Benefit Plan (the “STD Plan”) to provide disability benefits to certain employees of Intecon. Lincoln admits that the LTD Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002 and that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that Intecon sponsored the Intecon, LLC Long-Term Disability Benefit Plan (the “LTD Plan”) to provide disability benefits to certain employees of Intecon. Lincoln admits that the LTD Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002 and that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that this Court has jurisdiction over this matter, but Lincoln denies that all events asserted in the Complaint occurred in Arizona. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that this Court has jurisdiction over this matter under ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that this Court has jurisdiction over this matter and venue is correct in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8. Lincoln admits that Intecon sponsored the STD Plan and the LTD Plan to provide disability benefits to certain employees of Intecon. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that it issued Group Disability Income Policy Number 000010192527 (the "STD Policy") to Intecon, and that, at certain times, the STD Policy insured benefits from the STD Plan under the terms of the STD Policy. Lincoln admits that it issued Group Disability Income Policy Number 000010192515 (the "LTD Policy") to Intecon, and that, at certain times, the LTD Policy insured benefits from the LTD Plan under the terms of the STD Policy. Lincoln admits that the issue date of both the STD Policy and the LTD Policy is July 1, 2014. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits the allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that it was, at certain times, the claim administrator for benefits paid from the STD Plan under STD Policy and the LTD Plan under the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln denies all allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that it issued the STD Policy and the LTD Policy to Intecon, and that, at certain times, the Policies insured benefits from the STD Plan and the LTD Plan under the terms of the relevant Policy. Lincoln admits that it was, at certain times, the claim administrator for benefits paid from the STD Plan under the STD Policy and the LTD Plan under the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. To the extent that the allegations contained in Paragraph 14 seek to interpret the STD Policy and/or the LTD Policy, Lincoln refers to the STD Policy and the LTD Policy themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits the STD Policy and the LTD Policy include language pertaining to the definitions of “Disabled” or “Disability” and “Own Occupation” as applicable to a participant's claim for benefits from the STD Plan and LTD Plan under the relevant Policy, and Lincoln refers to the STD Policy and the LTD Policy themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that the allegations contained in Paragraph 16 seek to interpret the STD Policy and/or the LTD Policy, Lincoln refers to the STD Policy and

the LTD Policy themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent that the allegations contained in Paragraph 17 seek to interpret the STD Policy, Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. To the extent that the allegations contained in Paragraph 18 seek to interpret the STD Policy, Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that the allegations contained in Paragraph 19 seek to interpret the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. To the extent that the allegations contained in Paragraph 20 seek to interpret the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits the LTD Policy includes language pertaining to the definitions of “Disabled” or “Disability” and “Gainful Occupation” as applicable to a participant's claim for benefits from the LTD Plan under the LTD Policy, and Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that the STD Policy and the LTD Policy contain sufficient discretionary language to invoke the abuse of discretion standard of review. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln denies all allegations contained in Paragraph 23 of the Complaint.

24. Lincoln denies all allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies all allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies all allegations contained in Paragraph 26 of the Complaint.

**COUNT I**

**RECOVERY OF INSURANCE AND PLAN BENEFITS**

27. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 26 of the Complaint as though fully set forth in response to Paragraph 27 of the Complaint.

28. Lincoln admits Plaintiff was, at certain times, employed by Intecon as a Customer Support Technician, and a participant in the STD Plan and the LTD Plan. Lincoln admits that Plaintiff's last day of work at Intecon was January 20, 2022. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, short-term disability benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the

administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, short-term disability benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, short-term disability benefits from the STD Plan. Lincoln admits that it sent a letter to Plaintiff dated March 8, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that certain documents concerning Plaintiff's job with Intecon and Plaintiff's own occupation are contained in the administrative record upon which Plaintiff's claim for benefits was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies all allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that it sent a letter to Plaintiff dated April 7, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that it received a letter from Plaintiff's counsel dated November 2, 2023, along with additional documentation, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that it received a letter from Plaintiff's counsel dated November 2, 2023, along with additional documentation, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that it sent a letter to Plaintiff's counsel dated February 26, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that it sent a letter to Plaintiff's counsel dated February 26, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that it sent a letter to Plaintiff's counsel dated February 26, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that it sent a letter to Plaintiff's counsel dated March 1, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that it received a letter from Plaintiff's counsel dated March 11, 2024, along with additional documentation, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln denies the allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that this Court has jurisdiction over the claim raised by Plaintiff in the Complaint. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln denies all allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies all allegations contained in Paragraph 48 of the Complaint.

49. Lincoln denies all allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies all allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies all allegations contained in Paragraph 51 of the Complaint.

52. Lincoln denies all allegations contained in Paragraph 52 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-D thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted to herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for further benefits from the STD Plan under the STD Policy was an abuse of discretion because STD the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the STD Policy, the LTD Policy, and the documents governing the STD Plan and the LTD Plan, which require offset and/or repayment of other income including earnings by Plaintiff or any award of other benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust required administrative remedies required to bring an action to recovery benefits from the STD Plan and LTD Plan under the STD Policy and LTD Policy.

5. Plaintiff has failed to exhaust required administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. To the extent that Plaintiff seeks recovery from Lincoln other than past benefits from the STD Plan and the LTD Plan or attorneys' fees, such recovery is not permitted under ERISA.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the STD Policy and LTD Policy or statutory limitations period.

7. Lincoln reserved the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

RESPECTFULLY SUBMITTED this 2nd day of May 2025.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Defendant, The Lincoln National Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Lisa J. Counters
Lisa@Schiffmanlaw.com
Attorneys for Plaintiff

/s/ Sandy Acker
Employee of the Law Offices of
Iwana Rademaekers, P.C.