**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Doreen Johncox,

Plaintiff,

v.

Lincoln National Life Insurance Company,

Defendant.

No. CV-25-00160-TUC-JGZ

**ORDER**

This is an ERISA case. In general, the Court reviews ERISA cases based on the administrative record. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Pursuant to Rule 16(b)(1) of the Federal Rules of Civil Procedure, the Court will issue a scheduling order after receiving the parties' Rule 26(f) report or set a case management conference if meeting with the parties appears necessary or helpful.

Accordingly, **IT IS ORDERED:**

The parties are directed to meet, confer, and develop a **Rule 26(f) Joint Case Management Report**, which must be filed **within 4 weeks of the date of this Order**. It is the responsibility of Plaintiff to initiate the Rule 26(f) meeting and preparation of the Joint Case Management Report. Defendant shall participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the

Joint Case Management Report;

2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes);

3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;

4. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;

5. The names of any parties not subject to the Court's personal (or in rem) jurisdiction;

6. A statement indicating whether the parties would prefer that the Court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why this would be advantageous.

7. A short statement of the nature of the case (no more than 3 pages), including a description of each claim, defense, and affirmative defense;

8. A discussion of whether Plaintiff is entitled to conduct discovery (including conflict-of-interest discovery) and, if so, the appropriate scope of discovery;

9. Proposed page limits for Plaintiff's opening brief, Defendant's response brief, and Plaintiff's reply brief;

10. The prospects for settlement, including whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference;

11. The status of any related cases pending before this or other courts;

12. Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind that civil cases should be resolved within 18 months of the filing of the complaint. 28 U.S.C. § 473(a)(2)(B). Once the dates have been set in the Case Management Order, the Court will not vary from them without good cause.

a. If there is a **dispute as to the need for and/or scope of discovery** and/or

as to the standard of review, a deadline for Plaintiff to file a motion, not to exceed seven pages, entitled "Motion for ERISA Discovery/Standard of Review Determination," summarizing its position and a deadline for Defendant to submit a seven-page response brief. (No replies may be filed.) These deadlines should be set as soon as practicable.

b. A deadline for any **motion to supplement the administrative record**. This deadline should occur well before Plaintiff's opening brief is due.

c. A deadline for the completion of **fact discovery**, if applicable. This deadline should occur at least four months after the deadline for the submission of the parties' briefs concerning the need for and/or scope discovery and/or standard of review (see subpart (a) above) so the parties have sufficient time to complete whatever discovery is authorized by the Court. Discovery requests must be served and depositions noticed sufficiently in advance of the discovery cutoff date to ensure reasonable completion by the deadline, including time to resolve further discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline;

d. A deadline for filing the **administrative record**;

e. Deadlines for submission of **Plaintiff's opening brief, Defendant's response brief, and Plaintiff's reply brief**;

f. A date by which the parties shall have engaged in face-to-face **good faith settlement talks**;

//

//

//

//

//

//

g. Any other matters that will aid the Court and parties in resolving this case as required by Federal Rule of Civil Procedure 1.

Dated this 5th day of May, 2025.

Jennifer G. Zipps
Chief United States District Judge