Lisa Counters, 016436
SCHIFFMAN LAW OFFICE, P.C.
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

Iwana Rademaekers, 16452560
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75254
Voice: 214-579-9319
Fax: 469-444-6456
iwana@rademaekerslaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doreen Johncox,<br>Plaintiff,<br>vs.<br>Lincoln National Life Insurance Company,<br>Defendant. | No. CV-25-00160-TUC-JGZ<br>**REPORT OF RULE 26(F) MEETING** |

Pursuant to the Court's May 5, 2025 order, the parties have met and conferred and provide the Court with this Rule 26(f) Report.

**1. Parties who attended the meeting and assisted in developing joint case management plan.**

| For the Plaintiff: | For the Defendant: |
|---|---|
| Lisa Counters | Iwana Rademaekers |

**2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes).**

| | |
|---|---|
| Plaintiff | Doreen Johncox |
| Defendant(s) | The Lincoln National Life Insurance Company<br>*Related Entity:* Lincoln National Corporation, parent company of The Lincoln National Life Insurance Company |

**3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared.**

None.

**4. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings.**

The parties do not intend to add any additional parties or amend the pleadings.

**5. The names of any parties not subject to the Court's personal (or in rem) jurisdiction.**

None.

**6. A statement indicating whether the parties would prefer that the Court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why this would be advantageous.**

The parties do not request a case management conference.

**7. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense.**

Plaintiff's Factual Summary: Johncox worked as a Customer Support Technician for Intecon, LLC ("Intecon"). Intecon provided short-term disability ("STD") benefits and long-term disability ("LTD") benefits through policies issued

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

by The Lincoln National Life Insurance Company ("Lincoln"). The STD policy provides 66 2/3% of her predisability income for 13 weeks, beginning after a 7-day waiting period. The LTD policy has a waiting period of 90 days and provides 60% of her predisability income. After 24 months, the LTD policy defines disability as the inability to perform each of the main duties of any "Gainful Occupation." The LTD policy defines "Gainful Occupation" as any occupation that she is or could reasonably become qualified for considering her education, training, experience, and mental and physical abilities; could reasonably find employment given the demand in the national labor force; and could earn at least 60% of her predisability income within the first 12 months.

Johncox became disabled on January 21, 2022, due to cervical, thoracic, and lumbar back pain, major depressive disorder, adjustment disorder, and anxiety disorder. Lincoln initially determined that Johncox could not perform her own occupation. Lincoln paid Johncox's claim for STD benefits from January 28, 2022 to March 2, 2022.

On April 7, 2022, Lincoln reversed its decision and terminated Johncox's STD benefits. On November 2, 2023, Doreen submitted her appeal for STD benefits, which also served as her application for LTD benefits. Lincoln again denied Johncox's claim for STD benefits on February 26, 2024. Lincoln did not provide Doreen with a decision on her application for LTD benefits. The February 26, 2024 denial letter provided directions for a final administrative appeal within 180 days. On March 1, 2024, Lincoln sent a letter providing directions for where to submit a written letter of appeal, though no deadline was provided. On March 11, 2024, Doreen submitted a statement from her treating provider, addressing the errors made by Lincoln's consultant. Lincoln did not provide a response.

Lincoln's denial is arbitrary and capricious. Lincoln conducted paper reviews of Johncox's records. Johncox provided evidence of her chronic conditions. Johncox

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

has worked diligently to try different medications and dosages to address her chronic ongoing major depressive disorder, anxiety disorder, and adjustment disorder. In addition to her mental conditions, Johncox experiences chronic pain and symptoms consistent with disorder in her cervical, thoracic, and lumbar spine. As such, Johncox requires pain medication and fentanyl patches to reduce her pain.

Lincoln failed to consider the seriousness of Johncox's medical conditions, and the side effects of the medications necessary to manage her pain. Lincoln failed to provide a response to Johncox's final submission from her treating provider. Lincoln failed to respond to Johncox's application for LTD benefits. Lincoln precluded Johncox from obtaining a full and fair review of her claim.

Defendant's Factual Summary:

Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decisions reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**Description of Claims, Defenses, and Affirmative Defenses**

(1) **Claims**

Johncox has one claim pending in this case, a claim for unpaid benefits under 29 U.S.C. § 1132(a)(1). To prevail on her claim, Johncox has the burden of proving that she is disabled as defined by the policy. Johncox contends that Lincoln has a structural conflict of interest that should cause the Court to review its decision with increased skepticism. If Johncox prevails, she is entitled to fees under 29 U.S.C. § 1132(g).

(2) **Defenses**

As Plaintiff's claim arises under ERISA, the Court must review it under the

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

abuse of discretion standard, and the decisions reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration. Additionally, Plaintiff has failed to exhaust required administrative remedies required to bring an action to recovery benefits from the STD Plan and LTD Plan under the STD Policy and LTD Policy.

**8. A discussion of whether Plaintiff is entitled to conduct discovery (including conflict-of-interest discovery) and, if so, the appropriate scope of discovery.**

Plaintiff's Position: Discovery is permitted in ERISA § 1132(a)(1)(b). Johncox is entitled to conduct conflict of interest discovery. She is entitled to seek discovery to determine if the inherent conflict of interest influenced Defendant's decision to terminate her disability claim. *See Metro Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008); *see also Demer v. IBM Corp. LTD Plan*, 835 F.3d 893 at 902 (9th Cir. 2016); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). The Court may consider extrinsic evidence regarding conflict of interest generated in discovery. Johncox does not anticipate any changes to written discovery limitations. Johncox anticipates taking three depositions and propounding requests for production and interrogatories.

Defendant's Position:

ERISA cases do not follow the ordinary course of discovery. The merits of an ERISA case are decided by the trial judge after the parties file Briefs on the administrative record. See Bendixen v. Standard Ins. Co., 185 F.3d 939, 943 (9th Cir. 1999) (motion practice is the "conduit to bring the legal question before the district court"). Defendant has served the bates-labeled administrative record on Plaintiff. Plaintiff may seek additional, limited discovery related to conflict, as the case is to be considered under the abuse of discretion standard.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

**9. Proposed page limits for Plaintiff's opening brief, Defendant's response brief, and Plaintiff's reply brief.**

| | |
|---|---|
| Opening Brief | 25 |
| Response Brief | 25 |
| Reply Brief | 15 |

**10. The prospects for settlement, including whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference.**

The Parties believe the prospects for settlement are good and are in active discussions on related issues, including whether the case is suitable for mediation or for reference to a United States Magistrate Judge for a settlement conference.

**11. The status of any related cases pending before this or other courts.**

None.

**12. Proposed deadlines for each of the following events.**

**a.** Defendant to Produce Administrative Record: **July 25, 2025**

The parties added this deadline to the Court's proposed order so that the discovery briefing can be set. Due to the nature of the contents of the claim file, the parties would prefer to delay filing the administrative record until it appears briefing is inevitable.

**b.** Motion for ERISA Discovery/Standard of Review Determination:

Plaintiff's Motion: **September 26, 2025**

Defendant's Response: **October 31, 2025**

**c.** Motion to Supplement the Administrative Record: **September 5, 2025**

**d.** Fact Discovery Deadline: **May 8, 2026**

**e.** A Deadline for Filing the Administrative Record: **June 5, 2026**

**f.** Briefing Schedule:

Opening Brief: **August 7, 2026**

Response Brief: **September 11, 2026**

Reply Brief: **October 16, 2026**

**g.** Face-to-face good faith settlement talks: **January 23, 2026**

**h.** Any other matters that will aid the Court and parties in resolving this case as required by Federal Rule of Civil Procedure 1:

The parties also need to confirm that the Court's order for a date to Supplement the Administrative Record is limited to documents that should be in the Administrative Record and not documents discovered during conflict of interest issues and discovery.

Dated this 2nd day of June 2025.

SCHIFFMAN LAW OFFICE, P.C.

By: /s/ Lisa J. Counters
Lisa J. Counters

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers (w/permission)
Iwana Rademaekers

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667