**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Doreen Johncox,

Plaintiff,

v.

Lincoln National Life Insurance Company,

Defendant.

No. CV-25-00160-TUC-JGZ

**CASE MANAGEMENT ORDER (ERISA)**

This is an ERISA case. Having reviewed the parties' Rule 26(f) Report (Doc. 11), the Court enters the following Case Management Order to govern the litigation in this case:

1. Initial Disclosures. Initial disclosures required by Federal Rule of Civil Procedure 26(a) do not apply in this case. Fed. R. Civ. P. 26(a)(1)(B)(i).

2. Deadline for Joinder and Amending Pleadings. The parties do not intend to add any additional parties or amend the pleadings.

3. Administrative Record. Defendant shall produce the administrative record to Plaintiff by **July 25, 2025**. Plaintiff may identify additional documents to be included in the administrative record, and file a motion to supplement the administrative record, by **September 5, 2025**.[1] The parties shall reconcile and file a stipulated administrative record with the Court by **June 5, 2026**.

4. Discovery Limitations. Because Plaintiff claims that there is a structural conflict in this case, limited discovery will be permitted on the alleged conflict. *See Wilcox*

[1] This deadline applies only to documents that should be in the Administrative Record, not to documents discovered during conflict of interest issues and discovery.

*v. Metro. Life Ins. Co.*, No. CV 04-0926 PHX-DGC, 2009 WL 57053, at *3 (D. Ariz. Jan. 8, 2009). The Court's rationale, and a discussion of the proper scope of discovery, can be found in *Wilcox v. Metro. Life Ins. Co.*, No. CV 04-0926 PHX-DGC, 2009 WL 57053 (D. Ariz. Jan. 8, 2009). The parties should look to *Wilcox* for guidance when addressing the proper scope of discovery in this case. Each side may propound up to 20 interrogatories, including subparts, 15 requests for production of documents, including subparts, and 20 requests for admissions, include subparts.

a. If there is a dispute as to the need for and/or scope of discovery and/or as to the standard of review, Plaintiff may file a motion, not to exceed seven pages, entitled "Motion for ERISA Discovery/Standard of Review Determination," summarizing its position no later than **September 26, 2025**. Defendant may submit a response brief, not to exceed seven pages, no later than **October 31, 2025**. No replies may be filed.

5. Fact Discovery. The deadline for completing fact discovery, including discovery by subpoena, shall be **May 8, 2026**. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, will not alter or extend the discovery deadline in this Order.

a. If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions without leave of Court.[2]

b. Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere

---

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

effort as required by Local Rule of Civil Procedure 7.2(j).

c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery.

6. Expert Disclosures and Discovery. Expert witnesses will not be needed in this ERISA case.

7. Merits Briefing.

a. This matter will be resolved through merits briefing in lieu of Rule 56 motions. However, the parties must still file a separate statement of facts and a controverting statement of facts in accordance with Local Rule of Civil Procedure 56.1. The briefing may address the Administrative Record and any extrinsic evidence Plaintiff considers relevant. Defendant may argue that the extrinsic evidence is not relevant or properly considered. The briefs should address the applicable standard of judicial review, if not resolved through previous briefing (*see* subpart 2.a above), and the overall propriety of the underlying claim decision.

b. Plaintiff's opening brief and separate statement of facts will be due on **August 7, 2026**. Plaintiff's opening brief shall not exceed **25 pages**. Plaintiff's separate statement of facts shall not exceed **15 pages**, exclusive of exhibits.

c. Defendant's response and controverting statement of facts will be due on **September 11, 2026**. Defendant's response shall not exceed **25 pages**. Defendant's controverting statement of facts shall not exceed **15 pages**, exclusive of exhibits.

d. Plaintiff's reply will be due on **October 16, 2026,** and shall not exceed **15 pages**.

e. The parties shall not file a notice of oral argument. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the memorandum pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

8. Good Faith Settlement Talks. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **January 23, 2026**. Upon

completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the court a joint Report on Settlement Talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

If requested by all parties, the Court will set a settlement conference before a magistrate judge by random assignment.

9. The Deadlines Are Real. The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

10. Briefing Requirements. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in text and footnotes. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

Dated this 5th day of June, 2025.

Jennifer G. Zipps
Chief United States District Judge